UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
FAX (410) 962-2698

January 14, 2003

Memo To Counsel Re: Brenda Barney v. Department of Public Safety and Correctional Services, et al.
Civil No. JFM-02-3330

Dear Counsel:

I have reviewed the papers submitted in connection with defendants' motion to dismiss or for summary judgment.

The motion is granted as to Count IV. Plaintiff has cited no authority to establish that an executive order gives rise to a private cause of action. *See McCrory Corp. v. Fowler*, 319 Md. 12, 20 (1990) (new causes of action may be created by legislation or judicial pronouncement).

The motion is otherwise denied without prejudice to being renewed by way of a motion for summary judgment at the conclusion of discovery. It appears that plaintiff's claims are extremely tenuous. Nothing in the present record suggest that she was discriminated against on the basis of her race in light of the promotions of other African Americans at MTC. Plaintiff's gender claim likewise seems unsupported in light of the fact that Ms. Morant was promoted prior to plaintiff's transfer and Ms. Darby was promoted after the transfer. However, it is theoretically possible, at least, that plaintiff was transferred in order to prevent her promotion on race or gender grounds to openings that occurred after the promotions of Elhart Flurry and Ms. Morant. In that event, the mere fact that Ms. Darby (who appears to have been lower in ranking than plaintiff on the candidates list) was promoted by Patricia Allen (who is not an alleged co-conspirator) would not be fatal to plaintiff's claim. (On the other hand, if plaintiff was transferred because of a personality conflict with Ms. Allen - as alleged by defendants - that would not constitute unlawful race or gender discrimination.)

I also note that the mere fact that Mr. Simms is not alleged to have had a discriminatory intent is not dispositive. He made his decision only on the information provided to him and, if Mr. Flanagan and Mr. Stewart had entered into the conspiracy plaintiff alleges, Mr. Simms would have acted on the basis of tainted information.

     Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

                                      Very truly yours,

                                      J. Frederick Motz
                                    United States District Judge

cc: Court File